UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SAMANTHA LAWRENCE,

                    Plaintiff,

     -against-

CONTINENTAL CASUALTY COMPANY, INC., and
CNA FINANCIAL CORPORATION, d/b/a, CNA,

                    Defendants.
-------------------------------------------------------------------X

COMPLAINT

CV12-412

SUMMONS ISSUED

GLEESON, J.
POHORELSKY, M.J.

        Plaintiff, by her attorneys, Reibman & Weiner, alleges as follows, upon information and belief:

### Introduction

        1.      By way of background, this is a diversity action brought, pursuant to New York Insurance Law §3420, to collect a judgment entered in favor of plaintiff, Samantha Lawrence, in a New York State Court personal injury action. Ms. Lawrence was injured in a Brooklyn nail salon and presented a claim to the salon. The salon's insurance carrier and its administrator, the defendants herein, refused to participate in the claim. As a result, a default judgment on liability was granted. Thereafter, an inquest on damages resulted in a judgment being entered in the amount of $132,526.50.

        2.      The judgment, together with costs and disbursements, was served upon the defendants and the nail salon pursuant to N.Y. Ins. Law §3420. More than 30 days have elapsed since service of the judgment and it has remained unsatisfied. Therefore, pursuant to N.Y. Ins. Law §3420, plaintiff brings this direct action against the defendants seeking the full amount of

the judgment, costs and disbursements, together with all accruing interest as set forth in more detail below.

### The Parties, Jurisdiction and Venue

3. Plaintiff is an individual who resides within Kings County, City and State of New York.

4. Defendant, Continental Casualty Company Inc., (hereinafter "CCC"), is a corporation organized and existing under the laws of the State of Illinois.

5. Defendant CCC is headquartered at 333 S. Wabash Avenue Chicago, Illinois 60604-4107, or at another address within Chicago, Illinois.

6. CCC is authorized to do business in the State of New York and is doing business in the State of New York.

7. At all relevant times herein the defendant, CCC, regularly does or solicits business within the State of New York and/or engages in a persistent course of conduct in the State of New York and/or derives substantial revenue from goods used or consumed or services rendered in the State of New York and/or expected or should reasonably have expected its acts or omissions to have consequences in the State of New York and/or that defendant, CCC, derives substantial revenue from interstate or international commerce.

8. Defendant, CNA Financial Corporation, (hereinafter "CNA"), is a corporation organized and existing under the laws of the State of Delaware.

9. Defendant CNA is headquartered at 333 S. Wabash Avenue Chicago, Illinois 60604-4107, or at another address within Chicago, Illinois.

10. CNA is authorized to do business in the State of New York and is doing business in the State of New York.

11. At all relevant times herein the defendant, CNA, regularly does or solicits business within the State of New York and/or engages in a persistent course of conduct in the State of New York and/or derives substantial revenue from goods used or consumed or services rendered in the State of New York and/or expected or should reasonably have expected its acts or omissions to have consequences in the State of New York and/or that defendant, CCC, derives substantial revenue from interstate or international commerce.

12. At all relevant times herein the defendants, CCC and CNA, were united in interest as it pertains to the matters herein and were related entities and acting for their individual benefit and for the benefit of each other.

13. This Court has jurisdiction of this action pursuant to 28 U.S.C. Section 1332.

14. The venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. because the defendants reside within and are subject to personal jurisdiction within the judicial district of the Eastern District of New York and because this judicial district is where the events which give rise to plaintiff's claims occurred.

15. Plaintiff demands trial by jury of all issues in this action.

## Factual Background

16. On 11/1/08, Judy Miracle Nail, Inc., (hereinafter referred to as "Judy"), was duly licensed by the Department of State of the State of New York to operate a beauty salon at 200 Flatbush Avenue, County of Kings, City and State of New York.

17. On 11/1/08, plaintiff entered Judy's to obtain a leg waxing.

18. Prior to and on 11/1/08, Judy negligently hired, trained, supervised and retained its personnel resulting in plaintiff suffering a second degree burn to the front of her thigh which required hospital and medical treatment and left a permanent scar.

## Claim

19. At all relevant times, Judy was insured under CCC insurance policy number 2090704801 (hereinafter referred to as "the policy").

20. The policy was in effect from 7/5/08 to 7/5/09 and was in effect on 11/1/08, the relevant date of the underlying loss herein.

21. The policy was administered by CNA which also, upon information and belief, owned CCC and operated from the same general headquarters in Chicago, Illinois.

22. Plaintiff notified Judy of her intention to make a claim on 11/17/08 and defendants received notice of such on 11/18/08.

23. On 1/14/09, CNA, on behalf of CCC and itself, issued a letter to Judy and to plaintiff which set forth a disclaimer and indicated CCC would neither defend the claim or indemnify for any loss.

24. On 4/23/09, plaintiff commenced an action in the New York Supreme Court, Kings County, under Index Number 9934/2009 and was duly served with process.

25. Judy failed to appear by counsel in the Kings County action.

26. A Motion for Default Judgment was made and the motion was calendered in the Kings County Supreme Court Default Motion Part for 11/2/09. The motion was adjourned to 11/30/09 and then to 2/1/10. Judy's principals personally appeared at the motion part on 2/1/10 and on the final return date of 2/8/10.

27. On 2/8/10, having failed to answer, appear, or respond to the Motion for Default, a default judgment was entered in the matter and the case referred for an inquest on damages.

28. On 6/21/10, an inquest was held and damages were awarded in the amount of $125,000.00.

29. On 8/30/10, Judgment with costs, disbursements and interest, in the total amount of $132,526.50, was entered in the Kings County Clerk's office.

30. Notice of Entry of the Judgment with Costs and Disbursements was served on Judy and defendants.

31. More than 30 days have elapsed and the Judgment remains unsatisfied.

32. The current amount due, taking into account the 9% per year interest rate on judgments in New York State, is not less than $148,571.27. Interest continues to accrue at the rate of $32.68 per day.

33. Pursuant to N.Y. Ins. Law §3420, defendants are indebted to plaintiff for the Judgment, Costs and Disbursements in the amount $148,571.27 together with continuing accruing interest.

34. Therefore, plaintiff demands that defendants satisfy the judgment together with all additional accruing interest and the costs and disbursements of this action.

WHEREFORE, plaintiff Samantha Lawrence demands judgment be entered, jointly and severally, against defendants Continental Casualty Company Inc. and CNA Financial Corporation in the present amount of $148,571.27, together with all accruing interest to the date of the judgment and the costs and disbursements of this action.

Dated: January 23, 2012
       Brooklyn, New York

REIBMAN & WEINER
Attorneys for Plaintiff

By: /s/ _____
Steven M. Weiner, Esq. (SW-4401)
26 Court Street, Suite 1808
Brooklyn, New York 11242
718-522-1743